UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam *aka* Leo N. McClam, #250430, ) | C/A No. 3:05-2242-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Brenda E. Young-Rice and William Johnson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The *pro se* plaintiff, Leo N. McClam ("Plaintiff"), files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff is being held in the Behavior Disorders Treatment Program (BDTP) of the Department of Mental Health under the South Carolina Sexually Violent Predator Act. The complaint names as defendants a fellow "resident" and a "program manager" of the BDTP. Plaintiff claims that Defendant Johnson, "another resident" threatened to kill him, but later apologized. Plaintiff also claims that Defendant Young-Rice, a BDTP program manager, when informed of the threat, indicated she would address it.[2] The complaint is subject to summary dismissal for failure to state a claim and request a remedy. Additionally, the Defendant Johnson is not subject to suit under 42 U.S.C. § 1983 because he does not act under color of state law.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The complaint is similar, except for the date of the incident, to the complaint filed by Plaintiff in a prior case before this Court. *See* C/A No. 3:05-861-GRA. The prior case was dismissed without prejudice for failure to bring the case into proper form. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also* United States v. Webber, 396 F.2d 381, 386-87 (3rd Cir. 1968); Fletcher v. Bryan, 175 F2d 716 (4th Cir. 1949).

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Plaintiff is confined under state law in the care of the South Carolina Department of Mental Health. He files this action pursuant to 42 U.S.C. § 1983. The complaint states verbatim:

> On April 16, 2005 Mr. William Johnson threatened to kill me with a mop wranger. On April 17, 2005 I took the matter to the treatment team letting them know that another resident, Mr. William Johnson, threatened to kill me with a mop wranger, + Mrs. Rice said that she'll address it when she see it. On April 24, Mr. William Johnson came up to me apolizing for therating me with the mop wranger.

The complaint fails to request any type of remedy, and fails to state a claim.

Initially, the defendant William Johnson should be dismissed because he does not act under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). A private citizen, such as Defendant Johnson, does not act with the authority of the state, and thus, does not act under color of state law. *See* <u>Debauche v. Trani</u>, 191 F.3d 499, 506-07 (4th Cir. 1999), *cert. denied*, 529 U.S. 1033 (2000) (To implicate 42 U.S.C. § 1983, conduct must be "fairly attributable to the State."). The complaint makes no allegations that Defendant Johnson was a state actor, or engaged in state action, that would bring his actions under

3

color of state law.  As action under color of state law is a jurisdictional prerequisite for any civil rights action brought under 42 U.S.C. § 1983, Defendant Johnson should be dismissed as a party in this action.

Additionally, Plaintiff has failed to request any relief or suggest to this Court any remedy for the alleged violations.  For this Court to find Plaintiff's rights have been violated but order no remedy would, in effect, be rendering an advisory opinion.  Such action is barred by Article III of the Constitution.  *See* Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Boston Chapter, NAACP v. Beecher, 716 F.2d 931, 933 (1st Cir. 1983).  *See also* Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions).  The Tenth Circuit Court of Appeals faced an analogous situation in Public Service Co. v. United States Environmental Protection Agency, 225 F.3d 1144 (10th Cir. 2000), upon the plaintiff's failure to request "specific relief":

> This court would violate Article III's prohibition against advisory opinions were it to do that which PSCo requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

Id. at 1148 n. 4 (citing United States v. Burlington N. R.R. Co., 200 F.3d 679, 699 (10th Cir. 1999)).  *Cf.* James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution").

Even if Plaintiff amended his complaint to request a remedy, the complaint should be dismissed for failure to state a claim on which relief may be granted.  The Fourteenth Amendment obligates the state to provide reasonable safety to committed psychiatric patients. *See* Youngberg v. Romeo, 457 U.S. 307, 315 (1982)(protection from harm claim

by mental patient); Deshaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189 (1989); Patten v. Nichols, 274 F.3d 829, 836-837 (4th Cir. 2001). The complaint, however, does not claim that the Defendant Young-Rice failed to protect Plaintiff from harm. The complaint states Defendant Young-Rice expressed her intention to address the threat, and within one week of the threat, Plaintiff received an apology from the person that threatened him. No continuing threat is alleged, and no allegations of inaction on the part of Defendant Young-Rice are made to implicate a failure to protect Plaintiff from harm. The complaint fails to state a claim on which relief may be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *with prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 26, 2005
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**